

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
01/08/2010

| | | |
|---|---|---|
| IN RE: | § | Case No. 09-34819 |
| ELIZABETH DAVIS, | § | Chapter 13 |
|     Debtor(s). | § | Judge Isgur |
| | § | |

### MEMORANDUM OPINION

Elizabeth Davis seeks confirmation of her November 23, 2009 proposed chapter 13 plan. The sole objection to confirmation was filed by the chapter 13 Trustee. The Trustee alleges that the proposed plan does not satisfy the disposable income test set forth in § 1325 of the Bankruptcy Code. 11 U.S.C. § 1325. Because the Court concludes that Ms. Davis has no projected disposable income, the objection is overruled and the proposed plan is confirmed.

### Summary

If the chapter 13 trustee or the holder of an allowed unsecured claim objects, a chapter 13 plan may not be confirmed unless either (i) the holders of the allowed unsecured claims are fully paid; or (ii) the plan provides for payment to unsecured creditors equal to at least 100% of the debtor's projected disposable income over the life of the chapter 13 plan. 11 U.S.C. § 1325(b)(1). If the Debtor had above median income during the six-month period preceding the bankruptcy filing, the Court must determine the Debtor's projected disposable income by reference to § 707(b)(2) of the Bankruptcy Code. 11 U.S.C. § 1325(b)(3). The Court should depart from the mechanical application of the formula set forth in § 707(b)(2) only if there is "a present or reasonably certain future change of circumstances" that renders the mechanical application of § 707(b)(2) unworkable. *In re Nowlin,* 576 F.3d 258, 266 (5th Cir. 2009).

The Debtor and the Trustee correctly agree that a "present or reasonably certain future change of circumstances" exists in this case. The parties also agree—incorrectly—that the Court should abandon the use of § 707(b)(2) altogether. The Debtor and the Trustee each argue that the Court should determine projected disposable income based solely on a review of Schedules I and J and without reference to the § 707(b)(2) calculation. Not surprisingly, the parties disagree about the appropriate outcome of this discretionary approach. Because this Court finds that it should modify the § 707(b)(2) calculation only to the extent necessary to account for the changed circumstances, the Court rejects the approach advocated by the parties and adopts an approach that is more consistent with the statute and Fifth Circuit guidance.

The Court determines disposable income by adjusting the mechanical approach in § 707(b)(2) only to the extent necessary to accommodate changed circumstances.

### Section 707(b)(2) and Official Form 22C

Section 707(b)(2) is a complex provision of the Bankruptcy Code. It provides excruciating details on how to calculate a debtor's disposable income. It requires reference to external sources for general data (e.g., various standards adopted by the Internal Revenue Service), external sources for the costs of administering a plan (e.g., United States Trustee standards), debtor-specific data on various expenses (e.g., actual costs spent on education), and actual contractual obligations (e.g., payments due on secured debts). Moreover, the calculations contained in § 707(b)(2) are themselves modified by other sections of the Bankruptcy Code before being applied in § 1325. For example, § 541(b)(7) excludes certain retirement withholding amounts when § 707(b)(2)'s calculations are applied in a chapter 13 case. 11 U.S.C. § 541(b)(7).

The complex calculations required by the Bankruptcy Code have been incorporated into Official Form 22C. This remarkable form captures the calculations required by Congress and produces a bottom line that represents the debtor's monthly disposable income. *See* line 59, Official Form 22C.

The Official Form is a tool used to implement the statute. The parties create an unnecessary threshold for its use. The parties allege that if Form 22C produces a result that is inconsistent with a projection of disposable income, the Court should abandon the form altogether and use an alternative method of projecting disposable income. The alternative suggested by the parties is to rely on two other forms—Schedules I and J—that purport to project the debtor's income and expenses.

The problem with this approach is that the Court would not be abandoning a mere form; the Court would be abandoning the statute. The statute is designed to minimize the Court's discretion in projecting disposable income. *In re Lasowski,* 575 F.3d 815, 818 (8th Cir. 2009). Congress went to great lengths to legislate a formulaic approach. If there has been a change in circumstances that allows a simple mathematical adjustment, the Court should not abandon the statute and resort to a greater use of discretion. This Court should not chafe under the limits on its discretion; rather, the Court should embrace the statute and minimize the discretionary forecasting of income and expenses when Congress has provided a clear instruction.

### Changes in Circumstances

The parties agree that there have been two changes in circumstances that meet the Fifth Circuit's requirements in *Nowlin*. This Court agrees that the two changes meet *Nowlin's* requirements.

First, the Debtor's gross income for the six-month period prior to the petition date was artificially inflated by a one-time bonus of $10,000.00. The parties agree that this bonus is highly unlikely to be repeated. The use of the bonus in projecting gross income will produce a meaningless forecast.

Second, the Debtor will soon retire her 401(k) loans. That will reduce the Debtor's monthly expenses by $347.66. However, the Debtor failed to list the 401(k) loan repayments on the Debtor's Official Form 22C.

As filed with the Court, the Debtor's Official Form 22C reflects monthly disposable income of $832.14. However, this amount fails to account for the Debtor's 401(k) loan repayments. Those repayments are $347.66 from September, 2009 through February, 2010. Pursuant to § 541(b)(7), the amounts payable on the 401(k) loan are deducted in determining the amount of the debtor's disposable income. 11 U.S.C. § 541(b)(7); *Lasowski,* 575 F.3d at 818. It is settled law in this Circuit that only the amounts actually payable on the 401(k) loan over the life of the plan may actually be deducted from disposable income. *Nowlin,* 576 F.3d at 566.

Accordingly, the Debtor's Official Form 22C fails to account for a total allowable monthly deduction of $347.66 for a period of 6 months[1]. Over the 60 month plan, the Debtor's monthly disposable income was overstated on the Official Form 22C by $34.77 per month. Accordingly, a correct Official Form 22C would have reflected monthly disposable income of $797.37.

*Nowlin* instructs that the $797.37 is the "presumptive" amount of the Debtor's monthly projected disposable income. *Id*.

Although the parties characterize the termination of the 401(k) loan repayments as a "change in circumstances," it is easily resolved with a slight correction to the Official Form. The more difficult "change in circumstance" is the fact that the Debtor received a one-time $10,000.00 bonus in the six-months prior to the filing of her bankruptcy petition and that she will not receive that bonus in future years.

### Three Alternative Approaches

There are three alternative approaches for how to grapple with the absence of the future bonus.

The Debtor suggests that the Debtor's Schedules I and J should be utilized as the sole method of determining future income. Those reflect that the Debtor will have $98.44 per month of disposable income. However, the $98.44 is calculated on the mistaken assumption that the $347.66 monthly 401(k) loan repayment will continue indefinitely. That answer cannot be correct; it is the antithesis of the conclusion in *Nowlin* that the Court should account for a future, known termination of loan repayments. *See Id.* The Debtor argues that although the payments will terminate, that the Debtor should be allowed to retain the funds in the Debtor's general (and rather sparse) budget.

---

[1] It is possible that there is a second, significant error in the Debtor's Official Form 22C. The record does not reflect why the Debtor's child support payments are reflected on her Schedule I but are not reflected on her Official Form 22C. The Court declines to presume that this is an error, when it has not been challenged by any party. This issue is explained in more detail further in this opinion.

The Trustee agrees that the Court should begin with the Debtor's Schedules I and J. However, the Trustee argues that the Court should mechanically increase the monthly plan payment by $347.66 when the 401(k) loan is repaid rather than allow the funds to provide a better living standard for the Debtor and her child. According to the Trustee, the payment should then increase to $446.10.

The Debtor's Schedule J reflects a problematic budget. For herself and her child, the Debtor's budget has a total of only $400.00 for food and only $50.00 for clothing, each month. Conversely, the budget has $250.00 per month budgeted for internet, cable and telephone services. Should the Court review the budget and increase the allowance for food, but reduce the media budget? For a Court to evaluate ambiguous budgetary details with a fine toothed comb is to restore the precise discretion that Congress chose to eliminate from the chapter 13 process.

The third alternative is much more reasonable. The Debtor's Official Form 22C shows an average monthly gross income of $7,647.98 (including the monthly average of the large bonus), while her Schedule I reflects a current gross income of $6,022.92. The Debtor's Official Form 22C shows taxes of $2,006.85 (including taxes on the bonus), while her Schedule I reflects current taxes of only $1,519.87. Rather than revisit the entire budgetary process, the Court has concluded that it should perform the "adjustment" contemplated by *Nowlin,* as follows:

| Corrected Disposable Income from Form 22C, line 59 | | $797.37 |
|---|---|---|
| Income from Form 22C | $7,647.98 | |
| Income from Schedule I | $6,022.92 | |
| **Overstatement of income** | | ($1,625.06) |
| | | |
| Taxes from Form 22C | $2,006.85 | |
| Taxes from Schedule I | $1,519.87 | |
| **Overstatement of Taxes** | | $486.98 |
| **Adjusted Disposable Income** | | ($340.71) |

*See Id.*

The Court notes the large discrepancy between the amount calculated in accordance with §§ 707(b) and 1325 and the amount of income calculated on Schedules I and J. Schedule I reflects that Davis receives $748.00 per month in alimony, maintenance or support payments. This amount is not included on line 7 of Form 22C. No party has challenged the exclusion of this amount. However, both the Debtor and the Trustee assumed that the $748.00 per month would be included in the Court's determination because both relied solely on Schedules I and J for their respective arguments. The record contains no information as to whether this amount was properly excluded from line 7. In the absence of a record, the Court will assume—without finding—that the exclusion was correct.

### Discussion

The Court is guided by both its reading of the statute and by *Nowlin*. As set forth above, the Court finds that the statute was designed to minimize the Court's discretion. To the extent that the Court can reach its decision by maintaining the formula dictated by Congress, the Court will do so.

*Nowlin* mandates the use of a "statutorily defined starting point." *Id.* at 267. The method proposed by the Trustee and the Debtor ignores the Official Form 22C starting point. Rather than use a "starting point," the parties ask the Court to "start over" with Schedules I and J. The Fifth Circuit cautioned against just such behavior when it stated that the Court should not "stray too far from the statutorily defined starting point." *Id.* The Court concludes that the narrow path—the one that strays the smallest amount possible—should be applied. When, as in this case, the changes in circumstances are discrete and easily calculable by simple arithmetic, the Court will adjust Official Form 22C's bottom line to determine disposable income.

The parties ask the Court wholly to disregard both Official Form 22C and § 707(b) if a qualifying change of circumstances has been shown. This Court does not subscribe to the viewpoint that a wholesale rejection of the formulae contained in Official Form 22C is an adjustment as required by *Nowlin*. *Nowlin* instructs the Court that when there is evidence of changed circumstances, "the bankruptcy court could adjust projections accordingly." *Id*. at 266. Although *Nowlin* did not specify the mechanics to be used by the Court, it is replete with helpful guidance.

*Nowlin* requires the Court to treat the Form 22C result as "presumptively" correct, but holds that the Court is not limited to an "historical" mechanical calculation. This Court is not limiting its calculation to an historical one; rather the Court finds that the adjustment set forth above properly accounts for § 707(b)'s formulae while adjusting for the changes in circumstances. *Id*.

### Conclusion

The Debtor's plan proposes payment of $8,150 to holders of unsecured claims, when her projected disposable income is $0.00. Accordingly, the chapter 13 trustee's objection is overruled. The Court will issue a separate order confirming the proposed plan.

SIGNED **January 6, 2010.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE